## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JESSE HOPKINS, III,                          )
                                             )
      Petitioner,                     )
                                             )
v.                                           )      Case No. CIV-13-679-R
                                             )
TRACY MCCOLLUM, WARDEN,                      )
                                             )
      Petitioner.                     )

## REPORT AND RECOMMENDATION

Petitioner, Jesse Hopkins, III, appearing pro se, has filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 [Doc. No. 1] challenging the constitutionality of the revocation of his suspended sentence. Respondent has filed a Response [Doc. No. 8] and Petitioner has filed a Reply [Doc. No. 13]. The matter is now at issue. United States District Judge David L. Russell has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Petition be denied.

## I.    Procedural History

On February 23, 2004, Petitioner was convicted, pursuant to a plea of guilty, in Case No. CF-2003-4037, District Court of Oklahoma County, State of Oklahoma, of two counts of Using a Vehicle to Facilitate the Intentional Discharge of a Firearm. He received a ten-year suspended sentence on each count, with rules and conditions of probation. The sentences were ordered to run concurrently with each other and with a sentence received in Case No. CF-2003-4588, District Court of Oklahoma County, State of Oklahoma.

On June 29, 2011, the State filed an application to revoke Petitioner's suspended sentence, alleging Petitioner had committed new violations of law. Specifically, the State

charged Petitioner as follows: Assault and Battery with a Deadly Weapon (Counts 1, 2 and 3); and Possession of a Firearm After Former Conviction of a Felony (Count 4). On August 18, 2011, the state district court conducted an evidentiary hearing on the State's application. The court then revoked Petitioner's sentence, finding the State had established by a preponderance of the evidence that Petitioner had committed two counts of assault and battery with a deadly weapon. *See* State Court Record (Record) [Doc. No. 10, conventionally filed], Transcript of Hearing (Tr.) at pp. 70-72. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the revocation. *See* OCCA Summary Opinion [Doc. No. 8-5].[1]

## II.     Factual Background[2]

On the evening of April 12, 2011, several people, including those affiliated with certain gangs, were gathered in the parking lot of a local barber shop in Del City, Oklahoma. Three of the people present were Kendall Watkins, his brother Davontre Watkins, and their cousin, Curtarius Perry. An unidentified individual took a swing at Kendall Watkins. Words were exchanged and immediately thereafter approximately 8-10 shots were fired. Both Davontre Watkins and Curtarius Perry were shot.

All three individuals testified at the revocation hearing. David Abel, the detective who investigated the shooting, also testified. Detective Abel had interviewed each of the Watkins brothers approximately one week after the shooting. At that time, they independently identified Petitioner as the shooter from a photographic lineup and gave written statements to Detective Abel that Petitioner shot at them. The lineup identifications and written statements were

---

[1] The state previously filed an application to revoke Petitioner's suspended sentence on grounds that Petitioner committed assault and battery with a dangerous weapon. The State dismissed the application due to the death of the victim. *See* Record at pp. 64, 66, relevant filings in Case No. CF-2003-4037, District Court of Oklahoma County, State of Oklahoma.

[2] The facts set forth are taken from the revocation hearing. *See* Tr. at pp. 6-66.

admitted into evidence along with Davontre Watkins' diagram of the scene of the incident and the position of Petitioner at the time of the shooting in relation to Davontre Watkins and the other testifying witnesses who were present at the scene.[3]

At the hearing, each of the Watkins admitted that they did not want to give their testimony and that they had been subpoenaed to testify. But they further testified that they had been truthful and accurate when interviewed by Detective Abel. Davontre Watkins further testified that a code of conduct in their community prohibited "snitching."

Contrary to their written statements, the Watkins brothers testified that they did not know who fired the shots. Kendall Watkins testified that during the police interview he only identified Petitioner as someone present at the time of the incident. And Davontre Watkins testified that during his interview with Detective Abel, he only identified Petitioner as the shooter based on what someone else had told him. Davontre Watkins, however, made an in-court identification of Petitioner as that same person.

Detective Abel testified about the interviews of the Watkins brothers. He testified that the Watkins brothers had been interviewed separately and that each of them identified Petitioner as the shooter based on their own observations.

At the close of the hearing, the State dismissed Count 3 as a basis for revocation. In addition, the trial court dismissed Count 4 because no evidence was introduced as to any prior felony conviction against Petitioner. Thus, two counts of assault and battery with a deadly weapon served as the basis for revocation.

---

[3] During their police interview, the Watkins brothers further identified Petitioner by a gang tattoo on his person. At the hearing, Detective Abel testified that the Watkins told him Petitioner had tattooed in large letters across his back "PBGC" which stands for Playboy Gang Crips. Petitioner showed his back during the hearing and the record reflected that the letters PBGC were, in fact, tattooed across his back.

## III.    <u>Grounds for Federal Habeas Relief</u>

Petitioner raises three grounds for federal habeas relief.  First, Petitioner claims the State's application to revoke did not give Petitioner adequate notice of the grounds upon which the State sought revocation, in violation of his due process rights.  Second, Petitioner claims the evidence was insufficient to support the revocation and therefore his sentences were revoked in violation of his due process rights.  Third, Petitioner claims his appellate counsel was ineffective for failing to raise on direct appeal the fact that after the revocation hearing, but during the pendency of his direct appeal, the State dismissed the new criminal charges filed against him and based on the same conduct as that which had formed the basis for the revocation.

Petitioner raised Grounds One and Two on direct appeal and the OCCA denied the claims and affirmed the revocation.  Ground Three is unexhausted but Respondent contends the claim lacks merit.  Respondent further contends that because the entire Petition can be denied on the merits, exhaustion is not required, relying on 28 U.S.C. § 2254(b)(2).[4]  As discussed infra, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2241.  Although Respondent relies on § 2254(b)(2), which governs only petitions brought pursuant to 28 U.S.C. § 2254, it is clear that "[a] court may deny a § 2241 application on the merits without resolving the exhaustion question."  *Simpson v. Chrisman*, 562 F. App'x 724, 275 (10th Cir. 2014) (*citing Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("[B]ecause no credible federal constitutional claim is raised in Montez's petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case.")).  Thus, the

---

[4] Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

Court addresses Ground Three without first requiring exhaustion of the claim in the Oklahoma courts.

## IV.     Proper Characterization of the Petition

Petitioner filed this action pursuant to 28 U.S.C. § 2254. Respondent contends that "there is authority for adjudicating the Petition as arising under 28 U.S.C. § 2241." *See* Response at p. 3. Respondent does not, however, specifically request this Court to construe the Petition as such. As discussed infra, the characterization of the Petition may impact the standard of review governing Petitioner's claims.

The Tenth Circuit has not held in any published decision whether a habeas petition challenging the constitutionality of the revocation of a suspended sentence is more properly viewed as a challenge to the conviction and sentence itself, or a challenge to the execution of a sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and [28 U.S.C] § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). At least one unpublished decision from the circuit has treated such a petition as a challenge to the execution of the sentence arising under § 2241. *See, e.g., Stoltz v. Sanders*, Nos. 00-6188, 00-6288, 2000 WL 1730894 (10th Cir. 2000) (unpublished op.) ("To the extent [petitioner] is challenging the revocation of his [suspended] sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence rather than its validity.").[5] In a more recent unpublished decision, however, the Tenth Circuit

---

[5] Like Petitioner, Stoltz was an Oklahoma prisoner whose sentence was revoked under Oklahoma law. In this respect the Court notes that under Oklahoma law "an order of revocation is not a 'conviction' but is instead simply an order that a sentence previously entered be executed, either in whole or in part." *Burnham v. State*, 43 P.3d 387, 389 n. 2 (Okla. Crim. App. 2002).

declined to decide "whether the district court was correct in re-characterizing [the petitioner's] § 2254 petition" challenging the revocation of his suspended sentence as a § 2241 petition attacking the execution of his sentence. *See Klein v. Franklin*, 437 F. App'x 681, 682 n.2 (10th Cir. 2011).[6] And in other unpublished decisions, the Tenth Circuit has addressed a challenge to the revocation of a suspended sentence under § 2254, without expressly addressing whether the challenge is to the conviction and sentence itself, or to the execution of the sentence. *See, e.g, Lynch v. O'Dell*, 163 F. App'x 704 (10th Cir. 2006).

A number of district courts within the Tenth Circuit have treated challenges to the revocation of a suspended sentence as properly brought pursuant to § 2241. *See, e.g., Anderson v. Higgins*, No. 09-CV-776-CVE-PJC, 2013 WL 885639 at *1 (N.D. Okla. March 8, 2013) (unpublished op.); *Rivas v. Dinwiddie*, No. 07-CV-152-GFK-PJC, 2010 WL 476651 at *2 (N.D. Okla. Feb. 4, 2010) (unpublished op.); *Scott v. Province*, No. CIV-10-178-D, 2010 WL 2610665 (W.D. Okla. May 14, 2010) (Report and Recommendation); *see also id*. 2010 WL 2610562 (W.D. Okla. June 25, 2010) (Order Adopting); *Williams v. Addison*, No. CIV-06-1364-R, 2009 WL 1752172 (W.D. Okla. June 19, 2009) (unpublished op.) (construing sufficiency of the evidence challenge to revocation of suspended sentence as a challenge to the execution of the petitioner's sentence arising under § 2241). The Court finds this weight of authority persuasive, particularly given the characterization of the revocation of a suspended sentence by the Oklahoma courts. *See* supra footnote 5. Therefore, this Court similarly finds that the Petition should be construed as seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.

---

[6] In *Klein*, the petition was dismissed as untimely and the court noted that whether arising under § 2254 or § 2241, the limitations period for either type of petition is governed by 28 U.S.C. § 2244(d)(1). *Id*.

## V. Whether 28 U.S.C. § 2244(d)(2)'s Deferential Standard of Review Governs Petitioner's Exhausted Claims

As to the claims raised before the OCCA in Grounds One and Two of the Petition and adjudicated on the merits by the OCCA, Respondent urges the Court to apply the Antiterrorism and Effective Death Penalty Act (AEDPA) deferential standard of review governing § 2254 petitions. *See* 28 U.S.C. § 2254(d). Respondent contends that standard of review equally applies to § 2241 petitions. Respondent relies on *Anderson*, supra, an unpublished decision from the United States District Court for the Northern District of Oklahoma. *See id.*, 2013 WL 885639 at *2 ("Although not entirely clear, the weight of authority seems to favor application of the well-established deferential standard of review prescribed by the [AEDPA] with respect to habeas petitions challenging the revocation of a suspended sentence."). But in that case, the court did not analyze why the deferential standard of review should apply.

Significantly, the Tenth Circuit has previously expressly held that "[t]he deferential standard of review contained within § 2254 is . . . only properly invoked when an individual in state custody collaterally attacks the validity of a state conviction and/or sentence." *Walck v. Edmondson*, 472 F.3d 1227, 1234 (10th Cir. 2007). In *Walck*, the petitioner challenged ongoing state court criminal proceedings and alleged a violation of her double jeopardy rights. Prior to trial, she filed before the OCCA an application to assume original jurisdiction, a petition for a writ of prohibition, and a request for stay of proceedings. The OCCA denied relief and the petitioner then sought federal habeas review. In addressing whether deferential review should govern the petitioner's § 2241 claims, the Tenth Circuit stated:

> The State's argument that § 2254 applies in this case because the trial court and the OCCA allegedly addressed the merits of Ms. Walck's double jeopardy claim misses the mark. Admittedly, a state adjudication on the merits of a particular claim is necessary in order for § 2254 deference to apply, *see* 28 U.S.C. § 2254(d); a state adjudication on the merits, in and of itself, however, is

insufficient. Instead, what is needed in order for § 2254(d) to apply is a state court adjudication on the merits of a claim challenging a state conviction and/or sentence brought forth by an individual in state custody. Despite the fact that the Oklahoma courts arguably addressed the merits of Ms. Walck's current claim, she is neither challenging a state conviction nor sentence and, as a result, § 2254 is inapplicable.

*Id.* at 1234-35. *But see Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001) (finding habeas petition challenging right to annual reconsideration for parole "probably should be considered pursuant to 28 U.S.C. § 2241" but further stating that "[a]lthough we analyze Mr. Henderson's claim under § 2241, we still accord deference to the OCCA's determination of the federal constitutional issue").

Here, the OCCA has reviewed the merits of Petitioner's claims raised in Grounds One and Two of the Petition. Under the more recent authority of *Walck*, however, no deference should apply to that determination. And the Court finds no discernible reason why *Walck* should not apply to a § 2241 petition challenging the revocation of a suspended sentence.[7]

## VI. <u>Analysis</u>

### A. Grounds One and Two -- Due Process Claims

Petitioner's first two grounds for relief allege violations of his federal due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.[8] Under well-established Supreme Court precedent, revocation proceedings are subject only to "minimum requirements of due process." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also Bumgarner v. Middleton*, No. 94-7003, 1995 WL 275718 at *1 (10th Cir. May 10, 1995)

---

[7] If the Court were to apply deference to the OCCA's determination of the claims raised in Grounds One and Two of the Petition, the Court would similarly recommend the claims be denied.

[8] Petitioner also cites the Sixth and Eighth Amendment as a basis for relief. *See* Petition at pp. 3, 4, 5. Petitioner, however, does not allege facts upon which to support violations of these rights.

(unpublished op.) (applying the minimum due process requirements of *Morrissey* to Oklahoma state prisoner's habeas challenge to the sufficiency of the evidence supporting the revocation of his suspended sentence). Those minimum requirements include: 1) written notice of the alleged violation; 2) notice of the evidence against the defendant; 3) a meaningful opportunity to be heard and present evidence; 4) the right to confront and cross-examine witnesses; 5) an unbiased hearing body; and 6) a written statement by the factfinder as to evidence relied on and the reasons for the decision. *Morrissey*, 408 U.S. at 489; *see also United States v. Medley*, 362 F. App'x 913, 916-17 (10th Cir. 2010) ("[A]t a revocation hearing a defendant is entitled, at minimum, to: (1) written notice of the alleged violation; (2) notice of the evidence against her; (3) a meaningful opportunity to be heard and present evidence; and (4) the right to cross-examine adverse witnesses.") (citations omitted).

Only these minimum requirements must be satisfied in the revocation context because the defendant has already been found guilty of the crime and his liberty is, therefore, subject to "extensive restrictions." *Morrisey*, 408 U.S. at 483. As the Supreme Court has addressed, "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his [supervised release]." *Id*.

Whether the minimum requirements of due process have been satisfied is a "narrow inquiry." *Id* at 489. And the process "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id*., *see also Black v. Romano*, 471 U.S. 606, 613 (1985) ("The decision to revoke probation is generally predictive and subjective in nature" and the "flexible, informal nature of the revocation

hearing . . . does not require the full panoply of procedural safeguards associated with a criminal trial.").[9]

### 1. Ground One -- Petitioner Received Adequate Notice of the Grounds for Revocation of his Suspended Sentence

On June 29, 2011, the State filed an Application to Revoke Suspended Sentence [Doc. No. 8-7] (Application). The Application alleged that Petitioner had violated the terms of his probation by:

> [c]ommitting a new violation of the law, in Del City, State of Oklahoma, Police Incident Number 2011004923, Count 1: Assault and Battery with a Deadly Weapon, Count 2: Assault and Battery with a Deadly Weapon, Count 3: Assault and Battery with a Deadly Weapon, Count 4: Possession of a Firearm, AFCF.

*See* Application [Doc. No. 8-7].[10] The Application does not state the date on which the new violation was committed nor does the Application identify any alleged victim. However, the Application specifically references where the offense occurred, in Del City, State of Oklahoma, and identifies the police incident number.

---

[9] The OCCA has characterized revocation proceedings as follows:

> A revocation hearing on a suspended sentence is unique to most criminal hearings. This hearing is an exercise of the court's supervision over a probationer. The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide. There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence.

*Moore v. State*, 644 P.2d 1079, 1081 (Okla. Crim. App. 1982) (*quoting Marutzky v. State*, 514 P.2d 430, 431 (Okla. Crim. App. 1973)).

[10] Although not directly referenced by either party, the conditions of Petitioner's suspended sentence are included in the record. *See* Criminal Appeal, Original Record [Doc. No. 10] at p. 57. Grounds for revocation include a violation of any city, state or federal law. *Id.*

A few days later, on July 1, 2011, the State filed an Information against Petitioner in Case No. CF-2011-3633, District Court of Oklahoma County, State of Oklahoma, charging Petitioner with Assault and Battery with a Deadly Weapon (Counts 1-3) and Possession of a Firearm After Former Conviction of a Felony (Count 4). *See* Information [Doc. No. 8-2 at p. 4]. The Information identified the following individuals as victims of the assault and battery charges: Curtarius Perry (Count 1); Damaun Webb (Count 2); and Herman Walker (Count 3). The Information further included names of witnesses. All witness who testified at the revocation hearing are identified. *Id*. at p. 5. One of those witnesses, Detective David Abel, completed the Affidavit of Probable Cause in support of the Information. Detective Abel described the facts leading to the arrest as follows:

> On 04/12/2011, Detectives of the Del City Police Department responded to the Conoco Service Station, located at 2027 SE 44th in Del City, Oklahoma County, where it was learned that three victim's [sic] had been shot several times, due to an altercation between rival gang sets. The above Defendant was present when a verbal argument ensued between two different rival gang sets and during the course of the verbal argument, the above Defendant produced a handgun and fired several rounds, striking the three victim's [sic] in various parts of their bodies. The above Defendant was identified by photograph lineups conducted by Investigators by two of the victims. Witnesses present at the shooting incident were able to describe the above Defendant by his unique gang tattoo's [sic] exhibited on his back and both arms. The above Defendant was also identified by Oklahoma City Gang Task Force Officers who had photographed him and field interviewed him in the past.

*See* Affidavit of Probable Cause [Doc. No. 8-2 at p. 7]. [11]

On direct appeal, Petitioner claimed that the State's revocation Application "listed only the names of four alleged new crimes, without providing any facts regarding the dates, times,

---

[11] The Information identifies the date of the offense as April 21, 2011. The Affidavit of Probable Cause identifies the date of the offense as April 12, 2011. At the hearing, the testimony established the date of the offense as April 12, 2011. The record reveals no prejudice from the discrepancy in dates.

people or places involved." *See* Petitioner's Direct Appeal Brief [Doc. No. 8-1] at p. 8. Petitioner further claimed, therefore, that the State violated his due process rights because the Application did not give him sufficient facts to allow him to determine the basis for revocation or prepare a defense. In his Petition, Petitioner contends that at the revocation hearing, the State "sought to revoke based on a new crime not alleged in the Application to revoke." *See* Petition at p. 4. Petitioner's argument is premised on the victims identified in the Information and specifically the fact that Davontre Watkins was not identified as a victim.[12]

"Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The amount of notice due depends on the context. *Morrissey*, 408 U.S. at 481 ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."). "The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'" *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 15 (1978).

Here, Petitioner received written notice of the claimed violations at issue. The Application sufficiently apprised him that the basis for revocation was that he had "committ[ed] a new violation of law" and the Application specifically identified the new violations of law, i.e., multiple counts of assault and battery with a deadly weapon and possession of a firearm after former conviction of a felony. The Application further identified the police incident number and where the incident occurred. *Compare United States v. Lee*, 795 F.3d 682, 686 (7th Cir. 2015)

---

[12] The Application, unlike the Information, did not identify any particular victim. Similarly, the Affidavit did not identify any victim by name. Neither party has submitted the police incident report and therefore, the record is silent as to whether any victims were identified by name in that report.

(finding that the defendant "could not have had any doubt about the conduct underlying the accusation because the revocation notice cited the specific police report at issue").

In addition, as discussed above, all of the "new violations of law" arose out of that single police incident and involved a gang-related shooting where multiple shots were fired in rapid succession, at the same location, and towards the same group of people standing next to the same car. Under the circumstances of this case, Petitioner received sufficient notice of the charges against him in a manner which adequately allowed him to prepare a defense. *Compare Medley*, 362 F. App'x at 916-17 (defendant received adequate notice of bases for revocation and fact that she was not provided prior notice and a prior hearing as to seventeen incident reports introduced at the hearing did not violate due process).[13]

Moreover, Petitioner does not identify any prejudice resulting from the alleged inadequate notice. Indeed, a review of the revocation hearing establishes that Petitioner's defense was that no witness could identify him as the shooter and that more than one person may have fired shots. Although Petitioner makes much of the fact that the victims identified in the Information were different than the victims identified at the revocation hearing, the record fails to demonstrate that his defense was dependent on the identity of the victims. *Compare United States v. Mullane*, 480 F. App'x 908, 911 (10th Cir. 2012) (finding adequate notice given for revocation of supervised release and noting that the defendant could have, but did not ask "prior to the revocation hearing for more detailed notice or more time to prepare defense" and that

---

[13]   The Court notes that in those cases where notice has been deemed insufficient to satisfy due process, the notice failed to identify the nature of the offense charged with sufficient specificity and not -- as urged here -- the facts underpinning the nature of the offense charged. *See, e.g.*, *United States v. Sistrunk*, 612 F.3d 988, (8th Cir. 2010) (addressing case law finding notice inadequate where several state statutes could have supported revocation, and noting that a defendant "should not be required to predict the statute upon which the government and the district court would settle or to defend against every conceivable charge"). Here, there is no question that Petitioner received adequate notice of the nature of the offense charged.

defendant had not demonstrated prejudice because he was able to argue at the hearing that "even if he were guilty of simple possession, he was not guilty of possession with intent to distribute").

Thus, even if any deficiencies did exist with respect to the notice of the grounds for revocation, because Petitioner has failed to demonstrate prejudice, his claim lacks merit. *Compare United States v. Stevens*, 119 F. App'x 222, 226 (10th Cir. 2004) (finding that to the extent any due process violation occurred as a result of inadequate notice of grounds for revocation of supervised release, any violation was harmless as defendant "fail[ed] to discuss what she would have done differently"); *see also Lee*, 795 F.3d 682, 687-88 (even assuming the written notice of the grounds for revocation was deficient, defendant failed to show "how any error seriously undermined the fairness of the proceedings" and defendant's "access to the police report, which contained the underlying facts of the alleged offense, defeats his ability to show prejudice from any shortcoming in the notice"); *White v. United States Parole Comm'n*, 856 F.2d 59, 61 (8th Cir. 1988) (holding that "[i]n order for the failure to provide written notice to form a basis for habeas relief, . . .a petitioner must demonstrate that he was prejudiced by the claimed defect."); *Butler v. Pennsylvania Bd. of Probation and Parole*, 613 F. App'x 119, 124 (3d Cir. 2015) (addressing due process requirements attendant to revocation hearing and stating that "a showing of prejudice is essential for a federal constitutional claim asserting denial of due process").[14]

---

[14] Petitioner claims he challenged the inadequate notice at the revocation hearing and references pages 67-68 of the hearing transcript. Defense counsel cited *Lennox v. State*, 674 P.2d 1146, 1149 (Okla. Crim. App. 1984) which holds that "[a] suspended sentence may not be revoked on a ground not stated in the application. . . . ." But a review of the referenced transcript pages demonstrates Petitioner's counsel challenged the sufficiency of the evidence and did not address the adequacy of any notice as to the grounds for revocation. Regardless, Petitioner has not demonstrated prejudice resulting from any alleged inadequate notice.

Petitioner's claim that the Application "could not possibly have allowed [Petitioner] to determine the reason for his revocation or prepare a defense," s*ee* Petitioner's Direct Appeal Brief at p. 8, is untenable on the record presented. On de novo review, the Court concludes, as did the OCCA, that Petitioner has not demonstrated a violation of his due process rights based on alleged inadequate notice.

### 2. Ground Two -- Sufficient Evidence Supported the Revocation of Petitioner's Suspended Sentence

Petitioner next challenges the sufficiency of the evidence to support the revocation of his suspended sentence. As set forth, Petitioner's revocation was based on two counts of assault and battery with a deadly weapon. Petitioner does not challenge the sufficiency of the evidence as to any particular element of the offense charged.[15] Instead, he claims that no witness identified him as the shooter and that the pre-hearing identifications of Petitioner are not reliable. Petitioner also claims that the State failed to prove who shot the victim, Curtarius Perry.[16]

Oklahoma law requires only a preponderance of the evidence to support the decision to revoke a suspended sentence.[17] Petitioner does not challenge the application of this standard on constitutional grounds and the Tenth Circuit has held that a petitioner's "due process rights [are]

---

[15] In Oklahoma, the crime of assault and battery by means of a deadly weapon requires proof of 1) an assault and battery; 2) upon another person; and 3) with a deadly weapon. Okla. Stat. tit. 21, § 652(C).

[16] As discussed supra, of the three victims who testified, Curtarius Perry is the only victim identified in the Information. No direct evidence established that Petitioner shot Curtarius Perry. However, direct evidence established he was standing next to Davontre Watkins' car at the time shots were fired. And evidence exists to show that Petitioner shot Davontre Watkins. Both Davontre Watkins and Curtarius Perry were wounded as a result of the shots having been fired. Thus, circumstantial evidence exists that Petitioner shot Curtarius Perry.

[17] Oklahoma law defines a preponderance of the evidence as "that which is of greater weight and, further, which 'could have been deemed more probably true than not . . . .'" *See* OCCA Summary Opinion at p. 2 (citations omitted).

not violated by application of the preponderance of the evidence standard of proof." *Bumgarner*, 1995 WL 275718 at \*2 (addressing Oklahoma law); *see also Perez v. Lemaster*, 17 F. App'x 901, 906 (10th Cir. 2001) (stating that the Tenth Circuit has "formally recognized Oklahoma's preponderance of the evidence standard") (*citing United States v. Cantley*, 130 F.3d 1371, 1376 (10th Cir. 1997)).[18]

Apart from any AEDPA deference that may be due, this Court must address what degree of evidence withstands a federal habeas challenge to the sufficiency of the evidence in a revocation proceeding. The parties contend the claim is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See* Response at p. 17 ("The Tenth Circuit has consistently applied the principles of *Jackson* on federal habeas review of sufficiency of the evidence claims."); *see also* Petitioner's Reply at pp. 6-7 (relying on the *Jackson* standard).

Under *Jackson*, the court's inquiry on habeas review asks whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the essential elements of the crime beyond a reasonable doubt. *Id.*, 443 U.S. at 319. At least one district court within the Tenth Circuit has applied the *Jackson* standard in the context of a habeas challenge to the sufficiency of the evidence supporting the revocation of a suspended sentence. *See Jones v. Howard*, No. 07-CV-080-JHP-KEW, 2010 WL 316809 at \*3 (E.D. Okla. 2010) (applying *Jackson* but substituting "preponderance of the evidence" standard for "beyond a reasonable doubt" standard).

---

[18] A preponderance of the evidence standard similarly governs a federal prisoner's revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3).

But, *Jackson* applies to the sufficiency of the evidence to support a criminal conviction. As detailed above, revocation of a suspended sentence is not subject to the same level of due process protection as that attendant to a criminal prosecution and conviction.[19]

Addressing this issue in the context of probation revocation, the Eleventh Circuit has concluded the *Jackson* standard does not apply. *See Newmones v. Secretary, Florida Dept. of Corrections*, 546 F. App'x 812, 816 (11th Cir. 2013) (*citing Douglas v. Buder*, 412 U.S. 430, 432 (1973)). Instead, the court deemed the appropriate standard to be whether the state court's decision was "so totally devoid of evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment." *Id*. The Eleventh Circuit explained its rationale as follows:

> [T]he Supreme Court has indicated the standard applicable to probation-revocation cases is different from that in *Jackson*. In *Douglas* . . . the Supreme Court addressed the constitutionality of the revocation of a petitioner's probation for his failure to immediately report a traffic citation where the terms of petitioner's probation required him to report all 'arrests.' The Court determined the state court's decision that petitioner had violated his probation 'was so totally devoid of evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment.' *Id*. at 432, 93 S.Ct. at 2200. The Supreme Court has since applied that standard in affirming the revocation of an incarcerated petitioner's good-time credits. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985) (noting that the Court had previously recognized 'a governmental decision resulting in the

---

[19] The Tenth Circuit noted one aspect of the impact of this distinction in *Bumgarner*,

> There is nothing to indicate that requirements of due process were not met in the instant action. Revocation of Petitioner's suspended sentence occurred in state trial court following the presentation of evidence by the state and by Petitioner. *The decision was reviewed in the state appellate court. This procedure goes beyond that established by Morrissey, which merely requires a hearing by an impartial board that need not consist of judicial officers or lawyers*.

*Id*., 1995 WL 275718 at *2 (emphasis added). Similarly, here, Petitioner was provided a direct appeal of the revocation decision and received further review by the OCCA.

loss of an important liberty interest violates due process if the decision is not supported by any evidence' (*citing Douglas*, 412 U.S. at 432, 93 S.Ct. at 2200)).

*Id*.

The Court finds the Eleventh Circuit's reasoning persuasive and the standard identified by that court applicable to Petitioner's sufficiency of the evidence challenge. Applying this standard, the Court finds the revocation decision is not so totally devoid of evidentiary support so as to violate due process. As set forth above, the Watkins brothers each identified Petitioner from a photographic lineup and provided a statement that he was the shooter. That evidence was admitted at the revocation hearing and corroborated by the testimony of Detective Abel. Although the Watkins brothers essentially recanted their identifications and statements at the hearing, they each acknowledged that they had been truthful when interviewed by Detective Abel, and provided reasons about why they were not willingly testifying. Moreover, Davontre Watkins made an in-court identification of Petitioner. And Petitioner's tattoo matched that described by the Watkins as a tattoo identifying the shooter. Finally, as discussed supra, circumstantial evidence supported a finding that Petitioner also shot Curtarius Perry.[20]

Even if the Court were to apply the more forgiving *Jackson* standard, modified to the revocation context, a review of the evidence establishes that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the grounds for revocation by a preponderance of the evidence. The evidence identifying Petitioner as the shooter largely turned on credibility factors that the state trial court

_____

[20] To this end, even if the Court accepted Petitioner's argument that the only constitutional ground for revocation is limited to assault and battery with a deadly weapon against Curtarius Perry, the Court would conclude that no due process violation occurred on grounds of insufficient evidence. As the OCCA found, Oklahoma law provides that "[r]evocation is proper if only one violation is shown by a preponderance of the evidence." *See* OCCA Summary Opinion at p. 2 (citations omitted).

was in the best position to determine. *Compare Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (on federal habeas review of sufficiency of the evidence challenge the Court "may not weigh conflicting evidence or consider the credibility of witnesses"). Accordingly, upon a thorough review of the record, it is recommended that Petitioner's challenge to the sufficiency of the evidence be denied.

Petitioner also relies on the fact that the State later dismissed the criminal charges in Case No. CF-2011-3633 as grounds for contending insufficient evidence supported the revocation. Under Oklahoma law, however, when the charge used to revoke a suspended sentence is dismissed, the revocation remains valid so long as it "was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof 'by a preponderance of the evidence.'" *Moore v. State*, 644 P.2d 1079, 1080 (Okla. Crim. App. 1982) (*quoting Phipps v. State*, 529 P.2d 998, 1001 (Okla. Crim. App. 1974)). Thus, the dismissal of the criminal charges did not invalidate the revocation of Petitioner's suspended sentence where the State proved, by a preponderance of the evidence, a violation of the terms of Petitioner's suspended sentence. *See also Black*, 471 U.S. at 617 (sufficient evidence supported revocation of probation on grounds the defendant had committed a felony, and therefore revocation was not affected "by the fact that after the revocation proceeding, the charges arising from the automobile accident were reduced to reckless and careless driving").

For all these reasons, therefore, the Court finds, on de novo review, that the claims raised in Grounds One and Two of the Petition alleging violations of Petitioner's due process rights lack merit. Accordingly, it is recommended that federal habeas relief be denied as to these claims.

**B.** **Ground Three -- Petitioner's Appellate Counsel Provided Constitutionally Adequate Representation**

As his third ground for relief, Petitioner claims that his direct appeal counsel provided constitutionally ineffective assistance by failing to raise on direct appeal any issue that the State dismissed the charges against him in Case No. CF-2011-3633. To establish ineffective assistance of counsel under the Sixth Amendment, a petitioner must show two things: (1) deficient performance -- that trial counsel's conduct was objectively unreasonable; and (2) resulting prejudice -- "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)

Petitioner's Sixth Amendment claim fails under both prongs of the *Strickland* analysis. First, the record demonstrates that appellate counsel did address dismissal of the charges on direct appeal as part of the challenge to the sufficiency of the evidence. *See* Petitioner's Direct Appeal Brief at p. 13 ("[t]he State's evidence was so weak, in fact, that the State ultimately dismissed Mr. Hopkins' felony charges in CF-2011-3633") (citation omitted). Petitioner does not claim the issue should have been raised as an independent ground for relief nor does he identify any independent constitutional error related to the dismissal of the felony charges. Thus, Petitioner cannot establish appellate counsel's performance was deficient.

Second, as discussed above, sufficient evidence supported the revocation. And, established case law provides that when sufficient evidence supports the revocation, a subsequent dismissal of the charges used to revoke the suspended sentence does not impact the validity of the revocation. Thus, Petitioner cannot establish prejudice as required to support a claim that he was deprived his Sixth Amendment right to the effective assistance of counsel. For

these reasons, Petitioner's claim raised in Ground Three of the Petition lacks merit and should be denied.

**VII.** <u>**Additional Matters**</u>

The Court notes that in his Reply [Doc. No. 13], Petitioner requests appointment of counsel and the right to an evidentiary hearing. Petitioner also contends that Respondent should have provided to him a copy of the entire state court transcript and not just the excerpts attached to the Response. Petitioner's prior request for an expansion of the record was denied. *See* Order [Doc. No. 14]. In part, the Court found Petitioner's request for an expansion of the record had been "rendered largely or entirely moot" due to Respondent's subsequent filings including the "relevant state-court briefs and court opinions, together with the complete criminal appeal record and the transcript of Petitioner's revocation hearing." *See id*. at p. 2. Petitioner fails to cite any persuasive authority that requires Respondent to serve the entire state court record on Petitioner. Moreover, because Respondent attached to the Response relevant portions of the record, including the transcript, Petitioner's request should be denied.

Additionally, the Court's review of the record together with the recommendation that the Petition be denied further establishes that Petitioner is not entitled to an evidentiary hearing. Thus, in the exercise of discretion, the Court finds Petitioner has not stated sufficient grounds to warrant appointment of counsel. *Cf. Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Moreover, the record establishes Petitioner has demonstrated the ability to aptly present his claims. In sum, it is recommended that Petitioner's requests, as set forth in his Reply, be denied.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 16, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 25th day of November, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE